

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | )<br>) |
| ALAN D. JERNIGAN, | ) CASE NO. 07-80529-G3-7 |
| Debtor, | )<br>) |
| JOHN FIDUCIA, | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 11-8021 |
| ALAN D. JERNIGAN, | ) |
| Defendant. | ) |

MEMORANDUM OPINION

The court has held a trial of the above captioned adversary proceeding. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered excepting Debtor's debt to Plaintiff from discharge. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Alan D. Jernigan ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 15, 2007. Debtor filed a notice of conversion to Chapter 7 on March 31, 2010. A discharge was entered on July 14, 2010.

During 2009, while Debtor's bankruptcy case was in Chapter 13, Debtor approached his former co-worker, John Fiducia ("Plaintiff"), to loan funds to a business venture which Debtor proposed.  Plaintiff testified that Debtor had told him that the loan was for a business transaction to sell test kits for malaria to the Ministry of Health in Malaysia, through an entity Debtor had formed called Innova-Tek.[1]

Debtor testified that the business transaction was brought to his attention through a web site, alibaba.com.  He testified that he engaged two individuals, Martin Abe and a Reverend Obiaku, located in the African nation of Benin, as Innova-Tek's agent to interact with the Malaysian government.

Between July 27, 2009 and October 18, 2009, Plaintiff advanced $122,000 to Debtor, in four payments.

Plaintiff contends that the entire transaction was a sham.  Plaintiff asserts that Debtor simply took Plaintiff's money, and absconded.

After Debtor converted the case to Chapter 7 on March 31, 2010, the Chapter 7 Trustee gave notice of the meeting of creditors, to take place on May 13, 2010.

On May 7, 2010, Debtor filed amended schedules.  The amended Schedule F identifies a debt owing to John Fiducia, with

---

[1] Innova-Tek Corporation forfeited its corporate charter on March 24, 2006.  (Exhibit 29).

a listed address of 2061 Casual Court, Simi Valley, California 93065.  (Docket No. 68).

Plaintiff testified that he has never lived or worked in Simi Valley, California.  He testified that he lived in Santa Barbara, California, and then in Ventura, California.

On April 15, 2010, Debtor requested Plaintiff's address in Santa Barbara, California.  (Exhibit 17).  Plaintiff testified that he provided his address in Santa Barbara, California to Debtor.

Plaintiff testified that he hired a private investigator to try to locate Debtor.  He testified that the private investigator located Debtor, living in a mansion in Malibu, California.  Plaintiff testified that he visited the home in Malibu, California, with a local police officer, in November, 2010, and was told at that time for the first time that Debtor was in a bankruptcy case.  The court finds Plaintiff's testimony credible.

Debtor testified that he came up with an address for Plaintiff on Schedule F by using Google.  He testified that he searched for a John Fiducia in California, and the search revealed the Simi Valley address.

Debtor's testimony regarding the efforts he made to locate Plaintiff may be plausible, but the court finds it not credible.  Debtor testified at trial in the instant adversary

3

proceeding that he had spoken with both Abe and Obiaku.  Debtor testified in his deposition that he had not spoken with Obiaku.  He testified at trial in the instant adversary proceeding that he does not recall whether he notified Plaintiff that he was in bankruptcy at the time of Plaintiff's four advances to Debtor.  He testified in his deposition that he had in fact notified Plaintiff.  Debtor testified that he has no copies of communications from his African agents, because the computer hard drive on which they were stored crashed.  He testified that he allowed his email account to be suspended, and all the emails in the account deleted, because he didn't have funds to maintain internet service.  He testified, however, that he was spending $6,500 per month in rent for the home in Malibu, California.  He testified that, when he lost his job, he discontinued cell phone service, and all his internet accounts.  Yet he admits he maintained an online profile at LinkedIn.  He testified that, at the time when he discontinued cell phone and internet service, he had no way of contacting Plaintiff.  In light of Debtor's demeanor, his internally contradictory testimony, and the fact that all the records from which the truth of Debtor's assertions regarding the transactions with the Ministry of Health in Malaysia might be ascertained have apparently been destroyed, the court finds Debtor's testimony not credible.

Conclusions of Law

Section 523(a)(3) of the Bankruptcy Code provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -
>
> * * *
>
> > (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit -
> >
> > > (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
> > >
> > > (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3).

Section 523(a)(3) should be parsed to reflect that an unscheduled debt that does not fall under Section 523(a)(2), (4), or (6) is discharged under Section 727(a) unless the creditor was not given an opportunity to timely file a proof of claim, and an unscheduled debt that falls under Section 523(a)(2), (4), or (6) is nonetheless discharged pursuant to Section 727(a) unless the creditor was not given the opportunity to timely file a proof of claim _and_ timely request a determination of dischargeability.  In

5

re Bearden, 382 B.R. 911 (Bankr. D.S.C. 2008).

A proof of claim is timely filed in a Chapter 7 case if it is filed not later than 90 days after the first date set for the meeting of creditors. Bankruptcy Rule 3002(c).

The first date set for the meeting of creditors after conversion to Chapter 7 was May 13, 2010. Thus, the deadline to timely file a proof of claim was August 11, 2010. Plaintiff lacked notice or actual knowledge of the pending case until November, 2010. Thus, Plaintiff did not have the opportunity to timely file a proof of claim. The court concludes that Debtor's debt to Plaintiff is excepted from discharge pursuant to Section 523(a)(3) of the Bankruptcy Code.

Based on the foregoing, a separate Judgment will be entered excepting Debtor's debt to Plaintiff from discharge.

Signed at Houston, Texas on December 6, 2013.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE